**UNITED STATES of America,
Plaintiff,**

v.

**Antonio Fitzgerald JOHNSON,
Defendant.**

No. 02–20188.

United States District Court,
W.D. Tennessee,
Western Division.

Sept. 17, 2003.

April Rose Goode, Esq., Fed. Public Defender, Pamela B. Hamrin, Esq., Randolph W. Alden, Federal Public Defender's Office, Memphis, TN, for defendant.

Tony R. Arvin, U.S. Attorney's Office, Memphis, TN, for U.S.

### ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS AND SECOND AND THIRD MOTIONS IN LIMINE

DONALD, District Judge.

Before the Court are Defendant Antonio Fitzgerald Johnson's two motions to suppress and two motions in limine regarding: (1) pretrial photographic identifications, (2) pretrial line-up identifications, (3) previous in-court identifications, and (4) any subsequent in-court identifications. Defendant argues that (1) his Sixth Amendment right to counsel was violated at the pretrial line-up, (2) his right to due process of law was violated when unduly suggestive procedures were allegedly used at the pretrial identifications, (3) the pretrial and subsequent in-court identifications of him were unreliable, and (4) even if his constitutional rights were not violated, the prejudicial nature of the identifications so outweighs their probative value as to require suppression. The Court conducted an evidentiary hearing on June 20, 2003, where the Court heard testimony of witnesses. For the following reasons, the Court DENIES Defendant's motions to suppress and motions in limine.

## I. Findings of Facts

Defendant was charged in a six count Superseding Indictment with three counts of bank robbery and three counts of carrying a firearm in connection with a crime of violence. At issue in these motions are pretrial identifications of Defendant made by Emily Jerles, a teller at the Brighton Bank ("Bank"), which Defendant allegedly robbed on August 3, 2000. Ms. Jerles was present at the Bank on August 3, 2000. When Defendant entered the Bank, Ms. Jerles was seated at her desk. (Tr. of Prelim Hr'g, Aug. 10, 2001 at 18 ("Tr. 2001").) She saw Defendant and another individual later identified as Michael Bailey leaving their vehicle outside the Bank, and she saw them inside the Bank before she looked down at her desk to continue working. (Tr. of Suppression Hr'g, Jun. 20, 2003 at 43 ("Tr.2003"); Tr.2001 at 20.) Defendant then approached Ms. Jerles at her desk and put a gun in her face. (Tr. 2003 at 43.) Defendant told Ms. Jerles to lay on the ground, which she did, and she remained there until after Defendant and Mr. Bailey had left the Bank. (Tr.2001 at 20–21.) Ms. Jerles estimated that approximately seven seconds elapsed in which she saw Defendant.

On June 27, 2001, Officer Joe Everson of the Shelby County Sheriff's Office conducted a photographic identification with Ms. Jerles. Officer Everson showed Ms. Jerles a photographic array, which included one photograph of Defendant. Ms. Jerles picked out Defendant's photograph and stated that she was seventy percent sure that the man in the picture was the perpetrator, but that she would like to see the individual depicted in person to be sure. (Tr.2003 at 10–11.)

Defendant was arrested the next day, June 28, 2001. (Tr.2003 at 12.) On June 29, 2001, a physical line-up was held, in which Defendant was one of the men included. Ms. Jerles positively identified Defendant from the line-up as the bank robber. (Tr.2003 at 12.) The physical line-up was videotaped. Defendant did not have counsel at this line-up.

Ms. Jerles subsequently identified Defendant in state court proceedings in this case.

Defendant filed these motions to suppress, raising constitutional claims under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment and objecting to the admission of the identifications as more prejudicial than probative under Federal Rule of Evidence 403. A hearing was held on the motions to suppress and motions in limine on June 20, 2003. Defendant's arguments will be addressed in turn.

## II. Analysis

### A. Sixth Amendment Right to Counsel

In his Motion to Suppress Pretrial Lineup Identification and Request for Hearing, Defendant argues that, because he did not have the benefit of counsel at the pretrial physical line-up, admission of the identification made there will violate his Sixth Amendment right to counsel. The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. That right to counsel only attaches at or after the time at which adversarial judicial proceedings have been initiated against the criminal defendant. *Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Such proceedings include a formal charge, preliminary hearing, indictment, information, or arraignment. *Id.* at 689, 92 S.Ct. 1877.

At the time of the physical line-up, Defendant had been arrested, but no formal adversarial proceedings had been initi-

ated against him. His Sixth Amendment right to counsel had therefore not yet attached. The Court denies the motion to suppress on this ground.

## B. Due Process Clause

In his Motion to Suppress Any Pretrial Identifications and In Court Identifications and Request for Hearing, Defendant argues that his right to due process of law was violated in both pretrial identifications because the procedures used were impermissibly suggestive and unreliable. He also claims that the subsequent in-court identification was tainted by the pretrial identifications and so was also unreliable.

■■■ "A conviction based on identification testimony that follows a pretrial identification violates the defendant's constitutional right to due process whenever the pretrial identification procedure is so 'impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir.1994), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995) (quoting *Thigpen v. Cory*, 804 F.2d 893, 895 (6th Cir.1986), *cert. denied*, 482 U.S. 918, 107 S.Ct. 3196, 96 L.Ed.2d 683 (1987)). The Sixth Circuit uses a two-step analysis to assess the validity of a pretrial identification. First, the court "considers whether the procedure was unduly suggestive." *Id.* at 1070–71. The defendant bears the burden of proving this element. *Id.* at 1071. The question is not whether the procedures were suggestive, but whether they were unduly or impermissibly suggestive. *See U.S. v. Tyler*, 714 F.2d 664, 667 (6th Cir.1983). Second, the court "evaluates the totality of the circumstances to determine whether the identification was nevertheless reliable." *Ledbetter*, 35 F.3d at 1071. The court considers five factors, drawn from *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), to assess reliability:

(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of observation; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness when confronting the defendant; and (5) the length of time between the crime and the confrontation.

*Ledbetter*, 35 F.3d at 1071. Even if the court determines that the procedures used were unduly suggestive, the identification may still be admitted if it is reliable in the totality of the circumstances.

Defendant argues that several elements of the procedures in the pretrial identifications were unduly suggestive. First, Defendant contends that two videotaped versions of the physical line-up exist, and that one version shows Officer Everson forcing someone to identify someone. (Tr.2003 at 38.) The Court has watched both tapes and is unable to discern any difference between them. Officer Everson denies telling anyone that they had to make an identification, yelling at anyone, or threatening anyone in the identification process. (Tr.2003 at 36.) Defendant's contention is without merit.

■■■ Second, Defendant objects to the use of a photographic array with Ms. Jerles, rather than a sequential showing of photographs. Defendant, however, has not offered any evidence showing that a sequential hearing is any less likely to result in a misidentification than is an array.

■■■ Third, Defendant argues that the identification from the physical line-up was unduly suggestive in that Ms. Jerles had requested to see the man identified in the photographic array in person and was thus prepared to identify him in the line-up. Ms. Jerles asked to see the man in the

photograph in person because she wanted to look at his full body. (Tr.2003 at 45.) This indicates that she was attempting to make an entirely accurate identification of the man rather than an uncertain one. She also was not entirely sure in advance that the same man would be present in the physical line-up. (Tr.2003 at 57.) This shows that she was not impermissibly predisposed to choosing Defendant in the line-up. The use of the physical line-up to confirm Ms. Jerles' photographic identification was not unduly suggestive.

After considering the evidence presented in the suppression hearing and viewing the tapes of the physical line-up, the Court finds that Defendant has not met his burden of proving that the identification procedures were unduly suggestive. The Court thus need not address the reliability prong of this inquiry. The Court denies the motion to suppress on this ground.

### C. Motions in Limine

In his Second and Third Motions in Limine, Defendant argues that, even if this Court denies his constitutional suppression claims, the identifications should still be excluded under Federal Rule of Evidence 403 as more prejudicial than probative.[1]

■ Admission of relevant evidence under Rule 403 is in the sound discretion of this court. *See In re Beverly Hills Fire Litig.*, 695 F.2d 207, 218 (6th Cir.1982), *cert. denied, Bryant Elec. Co. v. Kiser,* 461 U.S. 929, 103 S.Ct. 2090, 77 L.Ed.2d 300 (1983). After reviewing the submissions of the parties and the transcripts of the state court preliminary hearing and the suppression hearing in this Court, the Court declines to exclude the evidence as more prejudicial than probative.

Ms. Jerles made her identification based on her opportunity to view the perpetrator at the time of the crime. Although Defendant allegedly had placed a gun in front of Ms. Jerles' face, and although Ms. Jerles was likely affected by the stress of the situation, she had ample opportunity to view the perpetrator when he exited his vehicle outside the Bank, when he entered the Bank and "stood around for a few minutes," and when she "focused" on him after he put his gun in her face. (Tr.2003 at 43–44.) In addition, although Ms. Jerles felt only seventy percent sure of her identification from the photograph, the fact that she requested an opportunity to view the man in the photograph in person suggests that she was hesitant to make an identification without being entirely positive. This serves only to strengthen her positive identification at the physical line-up. The probative value of these identifications is not outweighed by any prejudice they pose to Defendant. The Court denies the motions in limine.

### III. Conclusion

For the foregoing reasons, Defendant's motions to suppress and motions in limine are DENIED.

---

1. Federal Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.